■ In the Matter of Pierre A. Renaud, Petitioner, against Joseph P. Kelly, as Commissioner of the Bureau of Motor Vehicles of the State of New York, Respondent.— Proceeding to review a determination of respondent suspending for 30 days the operator's license of petitioner for violation of paragraph (e) of subdivision 3 of section 71 of the Vehicle and Traffic Law. The proceeding has been transferred to this court for determination (Civ. Prac. Act, § 1296). Determination annulled, without costs. In our opinion, there was no substantial evidence to support the finding that petitioner was guilty of gross negligence. (Cf. *Matter of Harris* v. *Kelly*, 9 A D 2d 785; *Matter of Jenson* v. *Fletcher*, 277 App. Div. 454, affd. 303 N. Y. 639.) Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.

■ Anthony G. Piscionere et al., Respondents, v. Bellino Bros. Construction Co., Inc., Appellant.— In an action to recover damages for injuries to property caused by negligent blasting operations (2d cause of action) and to recover on a statutory bond, filed by defendant with the City of Yonkers, pursuant to an ordinance providing for the issuance of blasting permits (1st cause of action), the second cause of action was withdrawn at the trial, there being no proof of negligence, and the jury returned a verdict in favor of plaintiffs against defendant on the first cause of action. The appeal is from the judgment of the County Court, Westchester County, entered thereon. Judgment unanimously affirmed, with costs. In *Fleetash Realty Co.* v. *Mount Vernon Contr. Corp.* (5 A D 2d 687, affd. 5 N Y 2d 854) and *Juliano* v. *Circle Constr. Corp.* (276 App. Div. 1086) the third-party beneficiaries were endeavoring to recover on statutory bonds containing coverage broader than that required by the ordinance; to that extent the obligation in the bonds was not there available to a third party unless he gave consideration for the broader provision. There is no such situation here, where the provision invoked by respondents is in strict conformity with the requirements of the ordinance. Present — Nolan, P. J., Beldock, Ughetta and Kleinfeld, JJ.

■ The People of the State of New York, Respondent, v. Andrew Latture, Appellant.— Appeal (1) from a judgment rendered by the Court of Special Sessions of the City of New York, Queens County, sentencing appellant, after he had been found guilty of assault in the third degree, to serve three months, execution of which sentence was suspended, and (2) from each and every intermediate order therein made, including an order denying a motion made pursuant to section 465 of the Code of Criminal Procedure to reopen the proceedings for the purpose of introducing additional evidence to set aside the verdict and to grant a new trial. Judgment unanimously affirmed. No opinion. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Present — Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ.